No. 90-445

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

CARLA IRION and RUSSELL IRION,

       Plaintiffs and Appellants,

-v-

JOSHUA PETERSON, CITY OF BILLINGS,
a municipal corporation, SCHOOL
DISTRICT NO. 2 OF BILLINGS, MONTANA,
a/k/a BILLINGS PUBLIC SCHOOLS and
CHRISTIAN, SPRING, SIELBACH &
ASSOCIATES, a corporation,

       Defendants and Respondents.

**FILED**

MAR 19 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Robert C. Kelleher, Sr.; Kelleher Law Office; Butte,
          Montana

      For Respondent:

          Ramona Heupel Stevens; Moulton, Bellingham, Longo
          & Mather; Billings, Montana (City of Billings)
          Guy W. Rogers; Anderson, Brown, Gerbase, Cebull,
          Fulton, Harman & Ross; Billings, Montana (Billings
          Public Schools)

          Submitted on Briefs:  January 17, 1991

                    Decided:  March 19, 1991

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Plaintiffs Carla and Russell Irion appeal from an order of summary judgment granted by the District Court of the Thirteenth Judicial District, Yellowstone County in favor of defendants City of Billings and the Billings School District. The District Court granted summary judgment on the grounds that immunity pursuant to § 2-9-111, MCA, and the absence of a compensable claim under 42 U.S.C. § 1983 barred the Irions' complaint. We affirm in part and reverse in part.

We restate the issues, submitted by Irions, as follows:

1) Whether the District Court properly determined that the City of Billings is immune from the allegations of the present lawsuit pursuant to § 2-9-111, MCA, and;

2) Whether the District Court properly held that Irions failed to assert a compensable claim pursuant to 42. U.S.C. § 1983.

In 1985, the City of Billings was constructing Skyview High School. While the school was under construction, the former Lincoln Junior High Building was utilized as a temporary location for the high school. Lincoln Junior High is located in downtown Billings at the intersection of North 30th Street and 4th Avenue North.

Apparently, school bus traffic associated with the loading and unloading of students created a traffic problem in the area. In order to remedy this problem, School District and City officials decided to close one lane of travel on North 30th Street from 4th Avenue North to 5th Avenue North. This task was accomplished by

2

using a chain link fence and several barricades allowing the school buses to proceed in the same direction and facilitate the safe loading and unloading of students. This remedy was considered a temporary solution which was undertaken in order to avoid an "extremely dangerous" situation existing at the high school.

Unfortunately, on September 22, 1986, Carla Irion was struck by a motor vehicle being driven by Joshua Peterson as she was utilizing the crosswalk at the intersection of 4th Avenue North and North 30th Street. Joshua Peterson was a student at Skyview High School.

Carla Irion and her husband brought a lawsuit against Peterson on March 3, 1989. The Irions later amended their complaint to name the School District, the City and the engineering firm of Christian, Spring, Sielbach and Associates as defendants. The engineering firm designed and erected the bus lane for the School District. It was never served, however, and is not part of this lawsuit.

The Irions settled their claims against Peterson for the sum of $45,000.00. Their allegations against the School District and the City of Billings were not settled and on July 17, 1990 the District Court dismissed the Irions' complaint against the two defendants. It held that all claims of negligence were barred by immunity pursuant to § 2-9-111, MCA. It further ruled that the Irions' § 1983 claims were not compensable because neither defendant acted with the intention to cause Carla Irion injury of life, liberty or property. This appeal followed.

3

## I. Immunity

The District Court ruled that the Irions' allegations of negligence against the School District and the City were barred by § 2-9-111, MCA. According to the statement of issues submitted by Irions this ruling, as it applies to the School District, was not appealed. Therefore, we need only review the District Court's determination that the immunity provisions of the statute bar the Irions' claims against the City.

Section 2-9-111, MCA, states:

> **2-9-111. Immunity from suit for legislative acts and omissions.** (1) As used in this section:
> (a) the term "governmental entity" includes the state, counties, municipalities, and school districts;
> (b) the term "legislative body" includes the legislature vested with legislative power by Article V of The Constitution of the State of Montana and any local governmental entity given legislative powers by statute, including school boards.
> (2) A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.
> (3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.
> (4) The immunity provided for in this section does not extend to any tort committed by the use of a motor vehicle, aircraft, or other means of transportation.

According to subsection 2 of this statute, a governmental entity is immune from suit for the negligence of its legislative body or "a member, officer or agent thereof." The term governmental entity is defined to include municipalities. Section 2-9-111(1)(b), MCA. Therefore in order to resolve the issue regarding the City's possible liability, we must determine whether the alleged negligent acts were undertaken by members or agents of

4

its legislative body. If they were not, the immunity provisions of § 2-9-111, MCA, are inapplicable and therefore will not bar the Irions' lawsuit against the City.

Section 7-3-153, MCA, provides that charters of city governments are required to be filed with the Department of Commerce. The statute further provides that all such charters are subject to judicial notice. Under the authority of this statute, we have reviewed the Billings City Charter to determine whether the City Administrator and Director of Public Works are agents of the City's legislative body. We have also reviewed the Charter to determine whether it provides for Separation of Power between the Legislative and Executive branches.

Article III of the charter provides as follows:

**ARTICLE III--Legislation**
**Section 3.01. Legislative Branch.** The legislative branch shall consist of the City Council and the Mayor.

The Mayor, under Section 3.04 is charged with the duty of presiding over council meetings and performing as the ceremonial head of city government. In Section 3.08, the charter provides that "the Council, its members and the Mayor shall deal with the city officers and employees who are subject to the direction and supervision of the City Administrator solely through the City Administrator. Neither the Council, its members, nor the Mayor shall give orders to any city officer publicly or privately."

The Charter also provides:

Article IV - Executive.

**Section 4.01. City Administrator: Employment, Compensation, Qualifications.** The Council shall employy

5

a City Administrator on the basis of merit for an indefinite term. The Administrator shall not be the Mayor or a Councilmember at the time of employment and need not be a resident of the city or state at the time of employment.

Further, in Section 4.03, it provides:

**Section 4.03. City Administrator: Powers and Duties.** The Administrator shall:

A.   carry out policies established by the City Council;

B.   perform the duties required by law, ordinance, resolution, or this charter;

C.   enforce laws, ordinances, and resolutions;

D.   administer the affairs of the city;

E.   direct, organize, establish, supervise, and administer all departments, agencies, and offices of the city;

F.   appoint, suspend, and remove all employees of the local government;

G.   prepare and present the city budget to the Council for its approval and administer the budget adopted by the Council;

H.   report publicly to the Council at least quarterly on the financial conditions of the city;

I.   recommend measures to the Council;

J.   report to the Council as the Council may require;

K.   attend Council meetings and take part in the discussion, but shall have no vote;

L.   appoint with the approval of the City Council a qualified acting administrator to exercise the powers and perform the duties of the Administrator during temporary absences.

As these sections indicate there are distinct Legislative and Executive Branches of the City government. Each has different duties and responsibilities. The City Administrator has been granted, by the charter the powers of the executive in a government of separated powers. These powers include, _inter alia_, the oversight and regulation of traffic. See § 24-103 Billings, Montana, City Code. In order to carry out the duty, the City

6

Administrator has established the Department of Public Works, and specifically, the Director of Public Works to assist him.

It is clear that the alleged negligent acts which resulted in Ms. Irion's injury, were not carried out by the legislative body of the City. Nor were they performed by any member, officer or agent of the legislative body. The City Council may retain ultimate authority to regulate street traffic; however this does not lead to the conclusion that the executive is its agent. This system of city government established by the charter is merely a reflection of the separation of powers form of government, which controls our nation and this state. Therefore, the immunity provisions of § 2-9-111, MCA, do not apply to the actions of the City Administrator and the District Court's grant of summary judgment in favor of the City must be reversed.

## II. Section 1983 Claims.

In a rather convoluted argument, the Irions have attempted to convert this action, which is based on negligence, into a constitutional claim by invoking the protections of 42 U.S.C. § 1983. Congress passed this statute in order to provide legal redress for persons deprived of legal rights or privileges through state action. The United States Supreme Court has held, however, that in order to set forth a valid cause of action under this statute, a plaintiff must allege a breach of a duty that is greater than mere negligence. Davidson v. Cannon (1986), 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677. The Irions maintain that the defendants' actions were greater than negligent and that they

7

amounted to deliberate indifference to Carla Irion's welfare.

We reject this argument. The bus lane was set up in an effort to protect the students of Sky View High School from injury. There is no evidence that either the City or the District acted in "disregard of a known or obvious risk that was very likely" [words of plaintiff] to result in Carla Irion's injuries. At the absolute maximum the Irions' claims support a possible negligence action. Such allegations do not support an action under § 1983. The District Court's order of summary judgment on this issue is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices