No. 90-453

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

FRANCES WOODS,

      Plaintiff and Appellant,

  vs.

CITY OF BILLINGS,

      Defendant and Respondent.

FILED

MAY 8 - 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell K. Fillner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Michael G. Eiselein, Lynaugh, Firzgerald,
Eiselein & Eakin, Billings, Montana

      For Respondent:

          Martha Sheehy, Moulton, Bellingham, Longo
& Mather, Billings, Montana

Submitted: January 31, 1991

Decided: May, 8, 1991

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Plaintiff and appellant, Frances Woods, appeals from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, granting summary judgment to defendant and respondent, City of Billings. We reverse.

The dispositive issue on appeal is whether the City of Billings is immune from suits arising out of the alleged negligent omissions of employees of the City's executive branch under the charter form of government.

On August 4, 1989, plaintiff filed a negligence action against the City, alleging that she sustained injuries when she tripped on a cracked, crumbled, and partially eroded sidewalk located at 709 North 23d Street in Billings. She contended that the City had a duty to maintain the sidewalk in a reasonably safe condition and that the City's failure to do so caused her injuries.

The City moved to dismiss the complaint, or, in the alternative, for summary judgment, asserting that it was immune from suit. The District Court granted the summary judgment motion. Plaintiff appeals.

A governmental entity is immune from suits for acts or omissions of (1) its legislative body; or (2) a member, officer, or agent of the legislative body. Section 2-9-111, MCA, which governs immunity, provides:

(1) As used in this section:

2

(a) the term "governmental entity" includes the state, counties, municipalities, and school districts;

(b) the term "legislative body" includes the legislature vested with legislative power by Article V of The Constitution of the State of Montana and any local governmental entity given legislative powers by statute, including school boards.

(2) A governmental entity is immune from suit for an act or omission of its legislative body or a member, officer, or agent thereof.

(3) A member, officer, or agent of a legislative body is immune from suit for damages arising from the lawful discharge of an official duty associated with the introduction or consideration of legislation or action by the legislative body.

(4) The immunity provided for in this section does not extend to any tort committed by the use of a motor vehicle, aircraft, or other means of transportation.

Municipalities are included in the definition of "governmental entity" in subsection (1)(a) of the statute. Therefore, neither party disputes that the City of Billings, a municipality, is a governmental entity. Plaintiff argues, however, that the immunity granted the City under § 2-9-111, MCA, does not apply in this case because the City Charter establishes distinct branches of City government and the acts that caused her damages do not implicate the City's legislative body or legislative powers. For the reasons stated below, we agree.

The power to maintain and repair sidewalks is given to city councils by statute. Section 7-14-4122, MCA, provides in pertinent part:

(1) The city or town council has power to regulate and provide for the construction or repair of sidewalks, foot pavements, curbs, gutters, or any combination thereof.

3

(2)   If the owner of any lot fails to comply with the provisions of the ordinance within such time as may be prescribed thereby, the council may contract for the construction and repair of such sidewalks, pavements, curbs, gutters, or any combination thereof and the city or town may pay for the same.

This statute was enacted prior to the adoption of the 1972 Constitution of the State of Montana.   The 1972 constitution authorized the city charter form of government.  Mont. Const. art. XI, § 5(1).   Pursuant to this constitutional authorization, the legislature enacted §§ 7-3-701 through -709, MCA, which outline the framework for charter forms of government.   The statutes provide that a local government unit with the charter form of government possesses self-governing powers.  Section 7-3-702, MCA. They further provide that provisions in the charter "establishing executive, legislative, and administrative structure and organization are superior to statutory provisions."  Section 7-3-701(2), MCA (emphasis added).

In 1976, the City of Billings adopted a governmental charter. As we noted in Irion v. Peterson, ___ P.2d. ___, ___, 48 St.Rep. 258, 260 (Mont. 1991), the Charter creates distinct legislative and executive branches of the City government.   It establishes an elected legislative branch consisting of the City Council and the Mayor.   City of Billings Charter art. III, § 3.01.   It also establishes a separate executive branch headed by the City Administrator, who is appointed by the City Council.   Charter art. IV, § 4.01.

4

The executive branch possesses no legislative authority. Instead, the City Administrator, among other things, enforces ordinances and manages City agencies and departments. Specifically, the Administrator retains the following powers and duties:

A. carry out policies established by the City Council;

B. <u>perform the duties required by law, ordinance, resolution, or this charter</u>;

C. <u>enforce laws, ordinances, and resolutions</u>;

D. administer the affairs of the city;

E. <u>direct, organize, establish, supervise, and administer all departments, agencies, and offices of the city</u>;

F. <u>appoint, suspend, and remove all employees of the local government</u>;

G. prepare and present the city budget to the Council for its approval and administer the budget adopted by the Council;

H. report publicly to the Council at least quarterly on the financial conditions of the city;

I. recommend measures to the Council;

J. report to the Council as the Council may require;

K. attend Council meetings and take part in the discussion, but shall have no vote;

L. appoint with the approval of the City Council a qualified acting administrator to exercise the powers and perform the duties of the Administrator during temporary absences.

Charter art. IV, § 4.03 (emphasis added).

The City has enacted an ordinance that requires it to cause sidewalk repairs to be made or to repair defective sidewalks itself:

> Whenever the public's convenience or safety requires any sidewalk, in case of injury or defect, to be repaired by the owner or her agent, the City shall, if the same is not immediately repaired by the owner or his agent after three (3) days notice, served upon such owner or agent, . . . proceed to repair the same.

Billings Code § 13.08.140.

Although § 7-14-4122(2), MCA, gives the City Council the authority to repair sidewalks, the Charter vests the City Administrator with the power to enforce ordinances. Charter art. IV, § 4.03(C). The Charter also compels the City Administrator to direct the appropriate department, agency, or office to perform the duties required by the ordinance. Charter art. IV, § 4.03(B) and (E). The Charter's delegation of the responsibility for sidewalk repairs to the City Administrator is superior to the statute's ability to grant the power for such repairs to the City Council. Section 7-3-701(2), MCA. Consequently, the responsibility for sidewalk repair lies with the executive branch and does not implicate any act or omission of the City's legislative body.

The City Administrator, as head of the executive branch, is not an agent of the City Council. Irion, ___ P.2d at ___, 48 St.Rep. at 260. Furthermore, the City Administrator, rather than the City Council, possesses the power to supervise and administer all departments, agencies, and offices of the City, and to appoint, suspend, and remove all City employees. Charter art. IV, § 4.03(E)

6

and (F). The Charter explicitly prohibits the legislative branch from interfering in the City's administrative affairs:

> Except for the purposes of inquiries and investigations, the Council, its members and the Mayor shall deal with the city officers and employees who are subject to the direction and supervision of the City Administrator solely through the City Administrator. Neither the Council, its members, nor the Mayor shall give orders to any city officer or employee either publicly or privately.

Charter art III, § 3.08.

Thus, the City employees are agents of the executive branch of government and any acts or omissions of these employees do not involve the City's legislative branch.

In conclusion, although § 7-14-4122, MCA, gives city councils the power to regulate and repair sidewalks, the statute is inapplicable where, as here, the city has adopted a charter that provides for separate branches of government and delegates different responsibilities to each branch. The Charter of the City of Billings vests the executive branch with the power to enforce the ordinance pertaining to sidewalk repair. Charter art. IV, § 4.03(C). Any negligent acts or omissions connected with the maintenance of sidewalks therefore must be attributed to the executive branch of the City government. Neither the City's legislative body nor its agents are implicated by the executive's failure to repair the sidewalks. Accordingly, the City is not immune from suit for the negligent maintenance of the city sidewalk as alleged in this case.

7

Reversed and remanded for further proceedings consistent with this Opinion.

_William E. Hunt Sr._
Justice

We Concur:

_A. A. Turnage_
Chief Justice

_Wm. Trieweiler_

_John Conway Harrison_

_Fred J. Weber_

_R. C. McDonough_
Justices

8