JUSTICE RICE
specially concurring.
¶27 I concur with the Court’s holding herein, but under a different rationale.
¶28 The City of Great Falls has a charter form of government, adopting the self-governing system in 1986. Article VI of the City Charter establishes city government administration, and requires the City Commission to hire a City Manager, in whom the Charter confers executive authority, including the appointment, suspension and removal of city employees. Article VI, Section 4(1), City Charter. The Charter also establishes administrative departments which are subject to the control and supervision of the City Manager, including the City’s Fire Department. Article VI, Section 5, City Charter, and Ordinance 2.16.060. Pursuant thereto, Fire Chief James Hirose, appointed and supervised by the City Manager, adopted a Fire Department Policy Manual, the provisions of which I find to be determinative herein.
¶29 Article XI, Section 5 of the Montana Constitution authorizes adoption of self-government charters by municipalities, and provides:
(3) Charter provisions establishing executive, legislative, and administrative structure and organization are superior to statutory provisions. [Emphasis added.]
¶30 In accordance with our previous interpretation of this constitutional provision, the City’s policy manual provisions governing the promotion and advancement of firefighters superseded § 7-33-4122, MCA. In Woods v. City of Billings (1991), 248 Mont. 254, 811 P.2d 534, *239 we found that a city charter provision which vested power to repair sidewalks in the city administrator superseded § 7-14-4122, MCA, which authorized city councils to regulate and repair sidewalks. Citing the superiority provision of Article XI, Section 5, we held that:
The charter’s delegation of the responsibility for sidewalk repairs to the City Administrator is superior to the statute’s ability to grant the power for such repairs to the City Council.
Woods, 248 Mont. at 258, 811 P.2d at 536. Applying the same rationale to this matter, I conclude that the City Charter’s delegation of fire department administration to the City Manager, and the requirements for promotion adopted pursuant thereto, are superior to the provisions of §7-33-4122, MCA.
¶31 The City’s promotion requirements provide that a candidate for “confirmed Firefighter” must have “at least” six months of experience as a firefighter, but additionally, must have written recommendations from the first line supervisor and the Battalion Chief, and must also pass a written examination, in addition to other requirements. City Firefighter Promotion Policy, adopted December 4,1995. Pursuant to these requirements, I must conclude that Hunter did not progress beyond his probationary status, and was subject to at will termination of his employment.
¶32 For these reasons, I affirm the District Court.